IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV203

| | | |
|---|---|---|
| CHRISTOPHER H. BROWN, B.S. DENT, D.D.S., P.A., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| SLS INTERNATIONAL, INC., | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon Plaintiff's Motion to Compel Discovery, filed September 13, 2006. The Defendant has responded to Plaintiff's motion and the Plaintiff has filed a Reply. It appears to the court that only a couple issues remain unresolved with regard to Plaintiff's motion.

Plaintiff sued the Defendant SLS International, Inc. ("SLS") for breach of contract and negligence for failing to process Plaintiff's subscription documents by which Plaintiff offered to purchase 24,000 shares of SLS preferred stock for $60,000. SLS denies that it ever received Plaintiff's completed subscription documents or a $60,000 check, and, therefore, never accepted any offer to purchase shares of SLS stock from Plaintiff.

In its discovery requests, Plaintiff seeks the personnel file of Christie Bowman, SLS's office manager at the time of the events giving rise to the lawsuit, and the personnel file of the unknown employee who opened SLS's mail during the relevant time period (one of three receptionists from a temporary services agency). Defendant has objected to producing these files

on the grounds of relevance and the privacy rights of the employees. Defendant has also stated that it does not possess any documents related to its temporary employees other than a document from the Willstaff temporary agency which it has already produced.

Plaintiff claims that it seeks these personnel files to determine why these individuals are no longer employed by SLS. While any disciplinary action taken against these employees for the negligent handling of any subscription applications would certainly be relevant to this lawsuit, Plaintiff's need for the personnel files must be balanced against the privacy interest of these individuals. "Personal privacy and the confidentiality of personnel files are important public policy concerns." James v. Peter Pan Transit Management, Inc., 1999 WL 735173 *11 (E.D.N.C. 1999). However, when public policy interests weigh against disclosure, disclosure may nevertheless be required if the material is clearly relevant and the need for the information is compelling because it is not otherwise readily available. Id.

It appears to the court that the Plaintiff could obtain the information it seeks without the personnel files of these individuals. For example, the Plaintiff could depose Ms. Bowman or any individuals at SLS charged with the hiring and firing of employees. Plaintiff's need for disclosure is not compelling because the information Plaintiff seeks is readily available from other sources, should Plaintiff simply pursue these other sources. Therefore, the court will deny Plaintiff's Motion to Compel the personnel files. Moreover, the Defendant has stated it does not have any documents related to its temporary employees other than that already produced to Plaintiff.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel is hereby DENIED.

Signed: December 13, 2006

Graham C. Mullen
United States District Judge